IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| MARCELLA WARD, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> LIBERTY LIFE ASSURANCE § <br> COMPANY OF BOSTON, D/B/A § <br> LIBERTY MUTUAL INSURANCE § <br> COMPANY AND THE BOARD OF § <br> PENSIONS OF THE PREBYTERIAN § <br> CHURCH (U.S.A.), § <br> § <br> Defendants, § <br> § | CASE NO.: 2:15-CV-02071 |

## AMENDED COMPLAINT

COMES NOW Plaintiff, MARCELLA WARD, by and through her attorneys, THE GRAHAM LAW FIRM, by James Lucas Graham, and for her Complaint against Defendants, herein states and alleges as follows:

### I.   PARTIES & JURISDICTION

1. Plaintiff, MARCELLA WARD, is an individual residing in Johnson County, Arkansas. Plaintiff was residing in Johnson County, Arkansas, at all times relevant hereto.

2. Separate Defendant, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, d/b/a LIBERTY MUTUAL INSURANCE COMPANY (hereinafter LIBERTY MUTUAL) is a Life Insurance and Disability Insurance Company duly authorized and licensed to conduct business in the State of Arkansas, with its Corporate Headquarters located in Boston, Massachusetts. LIBERTY MUTUAL's registered agent of service is listed as being CORPORATION SERVICE COMPANY, 84 State St., Boston, MA 02109.

3. Separate Defendant, THE BOARD OF PENSIONS OF THE PRESBYTERIAN CHURCH (U.S.A.) (hereinafter BOARD OF PENSIONS), is a non-profit religious organization

with its registered office located at 2000 Market St., Philadelphia, Pennsylvania 19103-3298.

4. This action is brought for breach of trust, breach of fiduciary duty, bad faith, and other relief. This action was originally filed in the Circuit Court of Johnson County, Arkansas, but was subsequently removed to, and is currently pending before, the United States District Court for the Western District of Arkansas. The parties hereto reside, and are located, in different states and the amount of controversy is greater than $75,000.00. As such, this Court has jurisdiction over the parties hereto, the subject matter hereof, and venue is proper.

## II.   FACTUAL ALLEGATIONS

5. Plaintiff began working for the Presbyterian Church as a pastor on or about January 1, 2004. Plaintiff's employment package contained a long-term disability program administered by Separate Defendant LIBERTY MUTUAL, that promised to pay Plaintiff a percentage of her salary indefinitely in the event of a long-term disability that prevented her from performing her job. Said disability benefit program has been deemed by the Court to be a Trust, whereby Defendants act as Trustees and Plaintiff and the other employees of the Presbyterian Church are the beneficiaries. Plaintiff does not possess the exact documents that create the Trust, nor does she possess any documents that might exist governing the relationship between the Presbyterian Church, separate Defendant THE BOARD OF PENSIONS, and separate Defendant LIBERTY MUTUAL, but she will be requesting same through discovery and will supplement her Complaint once she has obtained said documents. The documentation Plaintiff does possess regarding the disability policy were attached to her Original Complaint as Exhibit "A" and are incorporated by reference as if set out word for word herein.

6. As Trustees of the PRESBYTERIAN CHURCH's Disability Trust, Defendants owe the Beneficiaries of the Trust a fiduciary duty to distribute Trust assets and other benefits to

any Beneficiary who becomes disabled and is no longer able to work and earn an income, and the Defendants have a duty to continue to provide said payments/benefits as long as said disability continues.

7.      To qualify as a beneficiary of the PRESBYTERIAN CHURCH's Disability Trust a person must be employed by the PRESBYTERIAN CHURCH and make monthly contributions to the corpus of the Trust. Participation in the Trust is required by the PRESBYTERIAN CHURCH as a condition of employment and the PRESBYTERIAN CHURCH makes the monthly contributions to the trust on its employees' behalf as part of their compensation packages.

8.      In January of 2010, while in the employment of the PRESBYTERIAN CHURCH and while actively making her required monthly contributions to the Trust, Plaintiff fell down the stairs of the church she pastored at and severely injured her back.

9.      Following her fall, due to lingering issues related to said fall and another illness she was suffering with, Plaintiff found it exceedingly difficult to perform her job duties, and ultimately was unable to work at all. Plaintiff was/is in constant pain and was/is only able to perform the lightest of duties in short bursts. Plaintiff absolutely could not and cannot substantially perform all of the material duties of her employment as a pastor of the PRESBYTERIAN CHURCH.

10.     At all times relevant hereto, Plaintiff fully complied with her prescribed medical treatments and physical therapy. However, despite said fact, Plaintiff's symptoms persist and continue to prevent Plaintiff from substantially performing the material duties of her employment with the PRESBYTERIAN CHURCH.

11.     Plaintiff's official last day of work as a pastor was April 3, 2011, and she

submitted her request for benefits to Defendants, as a Beneficiary of the Disability Trust, shortly thereafter.

12. At the time Plaintiff submitted her request for benefits to Defendants, Plaintiff was not able to substantially perform all of the material duties of her employment with the PRESBYTERIAN CHURCH.

13. Plaintiff's doctors placed restrictions upon what she could do physically and prescribed her medications, both of which interfered with, and prevented Plaintiff from being able to substantially perform the material duties of her employment.

14. Due to her injuries/symptoms and the medications Plaintiff had to take to manage said injuries/symptoms, Plaintiff's Bishop, the General Presbyter for the Presbytery of Arkansas, absolutely would not allow Plaintiff to work.

15. Both Plaintiff's doctors and her Bishop supported her request for disability benefits and were in favor of Plaintiff receiving same.

16. On or about June 15, 2011, Plaintiff received notice from separate Defendant, LIBERTY MUTUAL, that her request for disability benefits had been denied. Plaintiff subsequently appealed said decision to separate Defendant, THE BOARD OF PENSIONS OF THE PRESBYTERIAN CHURCH (U.S.A.), but, on or about December 11, 2011, said appeal was denied. Plaintiff then submitted her final appeal to the BOARD OF PENSIONS APPEAL BOARD on or about February 1, 2012, and Defendants denied said appeal on or about April 13, 2012.

17. Defendants justified their denial of benefits by stating that Plaintiff's pain levels are irrelevant, that (absent pain) she should be able to perform her job duties, and that the pain medication she is prescribed to take multiple time a day, should not prevent her from driving or otherwise completing her duties.

18. Plaintiff exhausted any administrative remedies she had available by appealing the denial

of disability benefits all the way to the BOARD OF PENSIONS APPEAL BOARD.

19. In September of 2012, after her initial request for benefits and subsequent appeals were denied, Plaintiff received a diagnosis of fibromyalgia and attempted to file for disability benefits a second time relying on the fibromyalgia and back injury in concert. However, since Plaintiff's initial request for benefits was based on her back injury and said initial Request had previously been reviewed and denied, Defendants would not allow Plaintiff to submit a request for disability benefits containing both the fibromyalgia diagnosis and the back injury and forced Plaintiff to submit her second claim based solely on the fibromyalgia diagnosis.

20. On or about August 6, 2013, Plaintiff's claim for benefits based upon her diagnosis of fibromyalgia was denied.

21. Upon information and belief, Plaintiff had both the back injury and fibromyalgia when she initially applied for disability benefits in 2011.

22. The Disability Trust defines "disability" or "disabled" as being "[t]he inability of a member due to sickness or bodily injury to perform substantially all of the material duties of his or her regular work or any other type of work that would afford a reasonably comparable level of income, and after a period of 24 consecutive months of said disability, the inability of a Member due to sickness or bodily injury to perform any type of work for which he or she is fitted by education, training, or experience, all of which conditions must be certified by the Board."

23. Regardless of whether Plaintiff had an active diagnosis of fibromyalgia at the time she initially submitted her claim for disability benefits, Plaintiff was unable to substantially perform the material duties of her employment as a Presbyterian pastor and should have been approved for benefits.

24. Defendants, as Trustees, breached the fiduciary duty they have to their beneficiary,

MARCELLA WARD, and abused their discretion by denying Plaintiff's valid claim for benefits when she fully met the definition of being disabled and supported her alleged disability with medical records and other evidence of a sufficient nature to prove she was entitled to benefits under the Trust.

25. Defendants denial of Plaintiff's claim for benefits and refusal to allow Plaintiff to submit a claim containing both her back injuries and fibromyalgia diagnosis both constitute a failure to act in good faith and with due regard to Plaintiff's interests as a Beneficiary of the Trust.

26. Defendants further breached their duty to Plaintiff by requiring excessive, unnecessary, and/or duplicative information from Plaintiff in support of her disability claim, by unreasonably delaying her claim and ultimate receipt of benefits, by failing to inform Plaintiff of the exact evidence/documents/information necessary to satisfy Defendants that she was in fact disabled, and by failing to request additional documents/evidence/information from Plaintiff when they found her request to be deficient.

27. Upon information and belief, Defendants, either separately or severally, are responsible for managing and investing the assets contributed to the Trust by, and/or on behalf of, the Beneficiaries of the Trust, and are rewarded for maintaining/increasing the corpus of the Trust and for limiting the amount of benefits paid out.

28. Upon information and belief, Defendants are rewarded by receiving compensation, by having their status of Trustees of the Trust continue, and by possibly receiving bonuses based on the Trust's performance and/or receive compensation that is based on the amount of assets they are managing/investing. Accordingly, upon information and belief, Defendants sought and received a benefit from the denial of Plaintiff's benefits request.

29. Defendants have breached their fiduciary duty to Plaintiff herein, have done so in bad faith, received a benefit from said breach, and Plaintiff has suffered significant and substantial injuries as direct and proximate a result.

30. This suit is not governed by the Employee Retirement Income Security Act,

because Churches are exempt from said act pursuant to 29 U.S.C. § 1022(33).

### III.   CAUSES OF ACTION
### COUNT I: BREACH OF FIDUCIARY DUTY

31. Plaintiff incorporates by reference all allegations contained in Paragraphs 1-30 of its Complaint, as if same were set out word for word herein.

32. Defendants act as the Trustees of the PRESBYTERIAN CHURCH's Disability Benefit Trust.

33. Plaintiff, as an employee of the PRESBYTERIAN CHURCH that made regular monthly contributions to the Trust, qualified as a Beneficiary of the Disability Benefit Trust.

34. Defendants owed Plaintiff a fiduciary duty to act in good faith and in due regard to her interests, to provide compensation and benefits to her in the event she became disabled, to assess and make inquiries into Plaintiff's condition to determine if she qualifies for said benefits, and, if so, the amount of benefits she is entitled to receive, to act in the best interests of Plaintiff and other Beneficiaries, to exercise impartiality in the distribution of benefits of the trust, and to inform Plaintiff and the other Beneficiaries of the nature and terms of the Trust and to report to them the Trust assets, investments, gains, losses, payments, and distributions.

35. Defendants, jointly and severally, breached their fiduciary duty to Plaintiff by failing to approve Plaintiff's request for disability benefits, when she clearly established her entitlement to same.

36. Defendants, acting jointly and severally, further breached their fiduciary duty to Plaintiff by refusing to allow Plaintiff to submit both her fibromyalgia and her back injury simultaneously to establish her entitlement to disability benefits. In doing so Defendants failed to make reasonable inquiry into Plaintiff's condition, failed to accurately assess her ability to

substantially perform the material duties of her job, failed to act in her best interests, and failed to impartially distribute the benefits of the trust.

37. Defendants, acting jointly and severally, further breached their fiduciary duty to Plaintiff by utilizing an application procedure for benefits which only requested a limited amount of documents and information that were insufficient for Defendants to make an accurate assessment of Defendant's condition and need for benefits.

38. Defendants, jointly and severally, breached their fiduciary duty to act in Plaintiff's best interests, to inquire into her condition, and to impartially distribute benefits of the Trust by failing to request additional evidence/documentation/information from Plaintiff when they found the evidence/documentation/information contained in her first application for benefits to be insufficient and by considering her conditions and injuries independently of one another.

39. Defendants, jointly and severally, breached their fiduciary duty to inform and report, by disguising the Trust as a policy of disability insurance, by leading Plaintiff and the other beneficiaries to believe that the Trust was disability insurance, by neglecting to call the Trust a Trust in any of the documentation/information distributed to employees, by using an insurance company to administer the Trust and associating their name with it, by utilizing the same procedures to request benefits as those used by insurance companies for insurance claims, and by failing to provide Plaintiff with a copy of the Trust instrument and by failing to provide Plaintiff with reasonably complete and accurate information as to the nature and amount of the trust property at reasonable intervals.

40. Upon information and belief, Defendants have breached their duty of impartiality by requests for disability benefits of other Beneficiaries who submitted less supporting evidence than Plaintiff and that were not physically impaired to the degree Plaintiff is impaired.

41. Due to Defendants breach of fiduciary duty Plaintiff has incurred significant and substantial monetary damages, as set out more fully in the damages section below, and Plaintiff

should be awarded a judgment against Defendants jointly and severally.

## IV.   DAMAGES

42.   Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-42 of its Complaint, as if same were set out word for word herein.

43.   Plaintiff has suffered compensatory damages as a direct result of Defendants breach of fiduciary duty, and Plaintiff is entitled to the following relief:

a)   Lump sum award equal to the benefits Plaintiff should have received from April 3, 2011, through the trial date (including the value of health benefits and life insurance), plus pre and post judgment interest at the prevailing rate; (e.g. The greater of 60% of Plaintiff's effective salary up to $70,000 or 60% of the median salary for Plaintiff's job classification at time of disability x number of months between April 3, 2011 and the Trial + value of health benefits and other additional perks Plaintiff is entitled to + interest)

b)   Lump sum payment equal to present cash value of all future benefits Plaintiff is entitled to receive (including value of health and life insurance benefits due to Plaintiff); OR monthly disability payments in the amount and for the period proscribed in the Disability Policy, plus full benefits as proscribed in the Policy;

c)   Costs and attorney fees.

## V.   JURY REQUEST, RESERVATIONS, AND OTHER RELIEF

44.   Plaintiff demands a trial by a jury of her peers.

45.   Plaintiff reserves the right to amend her Complaint and plead further upon completion of discovery, especially considering she was only just made aware that the disability policy in question is a Trust, discovery has yet to be answered by Defendants, and she has not had the opportunity to examine the Trust instrument, records, investments, and/or other distributions.

WHEREFORE, Plaintiff, MARCELLA WARD, respectfully prays that she be granted the relief prayed for herein; that she be granted a judgment against Defendant jointly and severally the exact amount of which to be determined by the jury; that she be awarded pre- and post- judgment interest at the prevailing rate; for her attorneys' fees and costs incurred herein; and for all other just

and proper relief to which she is or may be entitled, at law or equity.

                              Respectfully submitted,

                              MARCELLA WARD, Plaintiff
                              THE GRAHAM LAW FIRM, her Attorneys

                              /s/James Lucas Graham_____
BY:    James Lucas Graham
        ABA No. 08229
        The Graham Law Firm
        212 South Main Street
        Malvern, Arkansas 72104
        (501) 337-5291 (Office )
        (501) 337-5292 (Facsimile)
        jlukegraham@gmail.com

## **CERTIFICATE OF SERVICE**

      We, the Graham Law Firm, hereby certify this pleading has been served upon the attorneys of record for all other parties, or the parties themselves if proceeding pro se, in this proceeding by delivering a copy of said pleading to the attorney or party, or to the offices of such attorney or party personally, or by placing a copy in the U.S. Mail addressed to such attorney or party at his or her address as listed below, with sufficient prepaid postage, on this 3rd day of March, 2017.

                              /s/ James L. Graham_____
                              THE GRAHAM LAW FIRM

MAILED/DELIVERED TO:

Tiffany Cox
112 East Pecan Street, Suite 2700
San Antonio, TX 78205